## DECEMBER TERM, 1842.

### PHILIP H. TORREY v. ANN MINOR, et al.

A covenant of general warranty, binding the grantor and his heirs, in a deed of bargain and sale of real estate, is a real covenant running with the land, and enures to the benefit of all subsequent purchasers.

S. G. sold by deed of warranty, binding himself and heirs, a tract of land to M., who intermarried with A. G., one of the heirs of S. G.

M. alienated the land, and died ; his widow applied for dower in the land so sold to her husband ; *held*, that she was not entitled to dower therein.

A statute of limitations of possessory actions, embraces an application for dower.

The right of a widow to dower, in the property of her deceased husband, until ascertained and admeasured by metes and bounds, is a mere potential interest, amounting to nothing more than a *chose in action*, and cannot be seized and sold, under an execution at law.

THE bill in this case states, that one Stephen Minor, since deceased, in his lifetime was seised of a certain tract of land in *fee simple* in Claiborne county on the South Fork of Bayou Pière, of 770 acres, on which he resided previous to August, 1814 ; that previous to that period, he intermarried with one Ann Gibson, who is made a defendant to the bill ; that Joseph Briggs, sheriff of Claiborne county, by virtue of an execution against Stephen Minor, levied on said tract of land, and on the 24th August, 1814, by virtue of said execution, did seize and sell said land to one Samuel Gibson, now deceased, for $500, and executed his official deed duly acknowledged and recorded, which was made an exhibit to the bill ; that the said Samuel Gibson and his wife, on the 19th October, 1815, deeded said land to one John Murdock for $2000, which deed, duly acknowledged and recorded, is also exhibited ; that said John Murdock died, and by his will appointed Esther Murdock and others his executors thereof, with power to sell his real estate ; that his executors, on the 9th December, 1828, did sell and convey the said tract of land to Robert L. Thockmorton and Daniel Vertner, for the sum of $16,000, which deed was duly acknowledged and. recorded ; that said Daniel Vertner and wife, did, on the 9th November, 1836, sell said land to Alexander· Torrey, for $13,556·26, and executed a deed thereto, which was duly

acknowledged and recorded, and filed as an exhibit to the bill; that said Throckmorton sold his portion of the same land to the said Alexander Torrey, and acknowledged the deed thereto, on the 4th June, 1839, and which was duly recorded, and is filed as an exhibit; that said Alexander Torrey did, on the 19th November, 1840, sell said land and other property to the complainant Philip H. Torrey, by deed, which was duly acknowledged and recorded, and' is made an exhibit.    The bill further stated, that Stephen Minor had been long dead, and Ann Minor was his widow, and that she was the daughter and one of the heirs of *Samuel Gibson*; that Stephen Minor died without offspring; that Ann Minor, at a term of the Probate Court of Claiborne county, filed her petition to have dower in said tract of land allotted to her, which was received and admitted to record in the Probate Court.    The bill also alleged, that the President, Directors, & Co. of the Grand Gulf Bank recovered a judgment on the 12th December, 1840, in Claiborne county, against Ann Minor, *et al.* for $928·32; that on the 22d of December, 1840, execution issued on the same, returnable to May, 1841, which was levied on all the right, title, claim, and interest said Ann Minor had in and to said tract of land, which was her *dower interest*; that said execution was returned, and a *venditioni exponas*, issued, returnable to November, 1841; that the sheriff had advertised said land for sale, under it, and would sell, if not restrained; that the Bank of Port Gibson was also a judgment creditor of said Ann Minor, and claimed a lien on the property; that the Probate Judge had not appointed commissioners to set off said dower of Ann Minor, in said land, and that no further action had been had since filing said petition, and order thereon; that if said Ann Minor is entitled to dower in said land, it is not identified in quantity or quality, but is a *chose in action*, and not bound by judgments, and cannot be levied on; that Samuel Gibson, father of Ann Minor, by the conveyance exhibited with the bill, covenanted and agreed with John Murdock, that he would warrant and forever defend a title in *fee simple* to said land; that the covenants of Samuel Gibson are covenants that run *with* the land, and follow it into the hands of the most remote grantee thereof; and that the complainant is entitled to the protection of the said covenants

against Samuel Gibson, his heirs, &c. ; and that the said Ann Minor, as daughter and heir of Samuel Gibson, is bound to protect said covenants ; that Samuel Gibson has been long dead ; that he left a large estate, divided among his children, and heirs-at-law ; and that Ann Minor received a share of it, worth $6000 ; that said tract of land is in a high state of cultivation, and valuable buildings are erected on it since said sale by Briggs ; that all the heirs are insolvent, some dead, and some non-residents of the State ; that said Ann Minor is the only heir in possession of property, but that she has mortgaged it, and is insolvent.   The bill prays for a perpetual injunction to restrain said Ann from having said dower assigned, and from selling the same, and to restrain the sheriff and banks from selling under execution ; and on hearing, that the dower may stand as security and indemnity, for the protection of the covenants of Samuel Gibson, and as an offset thereto, whereby the same may be cancelled ; or that the twenty years' adverse possession charged in the bill, may be adjudged and decreed to bar the right of dower of said Ann Minor in said land, the said Ann having resided in the neighborhood over twenty years, seen valuable improvements made on the land, and not having claimed dower in the same for more than twenty years since her right accrued.

Process was served on the defendants, and they failed to answer, and *pro confessos* were accordingly taken against all of them, and the case submitted for final hearing.

*Thrasher* and *Sillers*, for complainant.

This is a bill filed to defeat Mrs. Ann Minor's claim to dower, which she asserts, in lands of Stephen B. Minor, sold at sheriff sale, and bought in by her father, Samuel Gibson, since deceased. Samuel Gibson in his lifetime sold the land, and warranted the title against himself, his heirs, and all other persons.   The lands have come into the hands of the complainant.   Samuel Gibson died, and Mrs. Minor, as one of his heirs, received a considerable portion of estate, exceeding in amount $6000, as distributee.   Her claim of dower has never been set apart to her, and yet is levied on to be sold.   She is charged to be insolvent, as also the other heirs and distributees of Samuel Gibson deceased, the ancestor.   Her husband has been dead upwards of twenty years.

1. Mrs. Minor, as heir and distributee of her father Samuel Gibson, deceased, is bound in law by the covenants of her ancestor, and is bound to protect the covenants in his deed, and the action of covenant, for a breach of warranty, lies between the most remote grantor, and assignee ; for the covenant, to warrant or defend, is a covenant which runs with the land, and is intended for the benefit of the grantee, his heirs and assigns, according to the language of the covenant itself : and not even the intervention of a quitclaim deed, will defeat the action of the assignee against the most remote grantor.    5 Cow. Rep. 138, 139 ; 3 Marsh. 324 ; 2 Mass. Rep. 439.

An heir or devisee having a legal estate, is liable to an action for a breach of a covenant running with the land committed in their time, to wit, a breach of the covenant of their ancestor, according to all authority on the subject.    1 Chitty on Pl. 43.

2. If Mrs. Minor obtains dower, or the benefit of dower in the lands, it will work a breach of her father's covenants, which she is bound to protect ; and a court of equity will restrain such breach, and hold the dower as security against it ; especially as she and the other heirs are insolvent.    Courts of equity will entertain an injunction where an action at law for a breach of the covenant will not afford an adequate compensation in damages.    2 Story's Eq. 26 – 29.

Injunctions will be granted to compel the due observance of personal covenants, when there is no effectual remedy at law, as in the case under consideration, when the ancestor is dead, and his estate distributed, and his heirs all insolvent.    2 Story's Eq. 225.

A court of equity will interpose to prevent breaches, of a covenant, although such breaches may be recompensed by action of covenant ; a court of equity will interpose to prevent unnecessary litigation. 2 Story's Eq. 187 ; 2 Vesey and Beames, 302.

Again, the Court will entertain the bill on the doctrine of set-off. A court of chancery will entertain a suit for an equitable set-off, of one judgment against another.    4 Paige, Rep. 647 ; 2 Bibb, 233.

An insolvent debtor will be compelled in equity to make a set-off with his creditor.    1 Bibb, 519 ; Littell's Sel. Ca. 488 ; 4 Littell, 155 ; 1 Monroe, 194 ; 3 Monroe, 87 ; 7 Monroe, 455.

If Mrs. Minor obtains dower in the land, or the benefit of it, it breaks her father's covenant, by which she is bound. If that covenant is broken, Mrs. Minor is liable to all the grantees of the land, and becomes emphatically a debtor, and, being insolvent, comes fully within the above rule.

3. The claim of dower, not having been asserted for upwards of twenty years, and the property having been in the adverse possession of innocent purchasers all the while, who procured titles and proceeded under the eye and observance of the widow to make valuable improvements, without a knowledge of her claim, she will be barred of her claim of dower, and perpetually enjoined from asserting the same by a court of equity.     6 Johns. Ch. Rep. 194.

4. The claim of dower cannot be levied on by an execution, because the dower has not been laid off, or set apart to the widow. At law the widow's right of dower, previous to an assignment thereof, is not an estate or freehold in the land of the deceased husband; but is a mere right or *chose in action*, and cannot be sold on execution.     4 Paige, Rep. 448; 13 Wend. 526.

5. The title to the lands from Samuel Gibson to the complainant is perfect, the titles being made by the grantees of Gibson, with the exception of John Murdock, who died owning the land. But he left a will empowering his executors to sell his real estate, which they did, and which it was perfectly competent for them to do. 2 Story's Eq. 320; 14 John. 527; 15 John. 346.

CHANCELLOR.   The complainant derives title to the tract of land in controversy, indirectly, through Samuel Gibson, deceased, who conveyed by covenant of general warranty to his vendee, binding himself and heirs.   This was a real covenant running with the land, and, upon well settled principles, enured to the benefit of all subsequent vendees.   This land was subsequently sold and conveyed, through an intermediate vendee, to Stephen Minor, who had intermarried with Ann Gibson, one of the heirs of said Samuel Gibson.   After the death of Minor, she filed her petition in the Probate Court of Claiborne county, to have her dower allotted to her in the land, which petition was allowed, but no allotment has

been made. The Grand Gulf and Port Gibson Banks, having judgments against Ann Minor, have levied their executions upon her dower-right, and threaten to sell the same. The object of the bill is to enjoin these sales, as well as to enjoin the widow from further prosecuting her claim of dower. I have no doubt of the complainant's right to relief, as to all the parties. Ann Minor is barred of her dower-right. 1. Because she is estopped by the covenant in the deed of her ancestor, Samuel Gibson, which is equally binding upon her as it was upon him. The covenant would be binding upon her, to the extent of assets descended from her father, even if the title of the complainant was successfully assailed by a third person.

2. The covenant in the deed is her own covenant, and a court of equity will interpose to prevent a breach of covenant, where irreparable damage would follow such breach, as would be the case here, since it is alleged that the defendant Ann Minor, and all the other heirs of Samuel Gibson, are insolvent.

3. She is barred by the statute of limitations, twenty years having elapsed from the death of her husband before the time of the application for dower. An action for dower is a *possessory action*, and is within the statute on that subject, there being no exception as to possessory actions.

In regard to the creditors of Ann Minor, it is sufficient to remark, that even if she had herself a right of dower, yet while it remains unascertained, and until there has been an actual admeasurement, by metes and bounds, it is a mere potential interest, amounting to nothing more than a *chose in action*, which cannot be the subject of seizure and sale under an execution at law.

Let a decree be prepared granting a perpetual injunction against the claims set up at law by the defendants.